**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LOREE M. MARCHESE**, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:24-cv-02114-JMG |
| | : | |
| **21ST CENTURY CYBER CHARTER** | : | |
| **SCHOOL**, *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                      **November 13, 2024**

### I.    INTRODUCTION

On May 16, 2024, Plaintiff Loree Marchese filed suit and brought several claims against (1) her former employer, 21st Century Cyber Charter School ("21st Century"), (2) 21st Century's Chair of Trustees, Andrea Fox, and (3) 21st Century's Chief Executive Officer, Matthew Flannery. The Complaint lists four federal claims FMLA Interference (Count I), FMLA Retaliation (Count II), a Violation of Section 504 of the Rehabilitation Act (Count III), and a violation of her Fourteenth Amendment Right to Due Process (Count V).[1] However, she also alleges a state law claim (Count IV), a violation of the Pennsylvania Whistleblower Act ("PWA"), against all Defendants.

The Court held a conference with the parties pursuant to Fed. R. Civ. P. 16 on October 3, 2024. At the conference, the Court requested briefing as to whether the Court should exercise supplemental jurisdiction over the state law claim. After reviewing the parties' briefing and the applicable law, the Court determines that the PWA claim substantially predominates over the other

---

[1] The Court has jurisdiction over these federal claims pursuant to 28 U.S.C. § 1331.

federal claims, and accordingly declines to exercise supplemental jurisdiction over it; Count IV

will be dismissed from this suit without prejudice.

## II.    LEGAL STANDARD

When a federal court has original jurisdiction over only some claims alleged in a plaintiff's

complaint, the court may exercise supplemental jurisdiction over the remaining claims. *See* 28

U.S.C. § 1367(a). The court's exercise of supplemental jurisdiction over state-law claims is

governed by 28 U.S.C. § 1367. This statute provides:

> The district courts may decline to exercise supplemental jurisdiction
> over a claim under subsection (a) if –
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims
> over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has
> original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons
> for declining jurisdiction.

28 U.S.C. § 1367(c). Under Third Circuit precedent, where a court has jurisdiction over federal

claims, "considerations [of judicial economy, convenience, and fairness to the parties] will

normally counsel an exercise of district court jurisdiction over state claims based on the same

nucleus of operative facts unless the district court can point to some substantial countervailing

consideration." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). The District

Court's discretion to decline to exercise supplemental jurisdiction "should be invoked only where

there is an important countervailing interest to be served by relegating state claims to the state

court." *Id.* at 789. This typically occurs "where 'a state claim constitutes the real body of a case,

to which the federal claim is only an appendage.'" *Id.* (quoting *United Mine Workers of Am. v.

Gibbs*, 383 U.S. 715, 727 (1966)). Or, in other words, it is proper for a district court to decline to

extend jurisdiction when "permitting litigation of all claims in the district court can accurately be

described as allowing a federal tail to wag what is in substance a state dog." *Id.*

The panel in *Borough of W. Mifflin*, stated that "a district court's analysis under § 1362(c)(2) should track the Supreme Court's explication of that standard in *Gibbs*." *Borough of W. Mifflin*, 45 F.3d at 789. In *Gibbs*, the Supreme Court provided three factors to examine in determining whether it is proper for a district court to decline jurisdiction: "[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to the state tribunals." *Gibbs*, 383 U.S. at 726-27; *see also Bostic v. AT & T of Virgin Islands*, 166 F. Supp. 2d 350, 364 (D.V.I. 2001) ("In determining whether the state issues substantially predominate, courts consider primarily the 'proof,' the 'scope of the issues raised,' and the 'comprehensiveness of the remedy sought.'" (quoting *Gibbs*, 383 U.S. at 726)). Additionally, "the difficulty of avoiding duplicative recoveries is a factor tending to weigh against litigating related federal and state claims in different fora." *Borough of W. Mifflin*, 45 F.3d at 789.

## III.     DISCUSSION

The Court exercises its discretion under 28 U.S.C. § 1367(c)(2) to decline jurisdiction of Count IV of Plaintiff's Complaint—the Pennsylvania Whistleblower Act Claim—because it "substantially dominates" over the claims for which the Court does have original jurisdiction.

First, the proof required for the Whistleblower Act claim predominates over the proof required for the claims for which this Court does have original jurisdiction. To prove a violation of the PWA, a plaintiff must demonstrate that she was retaliated against "because the employee . . . ma[de] a good faith report or [was] about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste by a public body or an instance of waste

by any other employer as defined in this act." 43 P.S. § 1423(a); *see also Kimes v . Univ. of Scranton*, 126 F. Supp. 3d 477, 504 (M.D. Pa. 2015) ("[T]he plaintiff must prove by a preponderance of the evidence, that, prior to the alleged acts of retaliation, she had made a good faith report of wrongdoing to appropriate authorities."). In the report submitted pursuant to Fed. R. Civ. P. 26(f), the parties seek extensive information relating to this claim, including information about the Defendant's billing practices, Plaintiff's reports of wrongdoing and/or waste, and Plaintiff's involvement in an internal investigation. This evidence would be necessary for Plaintiff to present in determining whether she had a good faith belief that Defendants were violating the law. These areas of discovery are distinct from the discovery required for Plaintiff's federal claims.

Moreover, the scope of issues is largely different between the claims with original jurisdiction and the PWA claim. As stated, the cases share an alleged adverse employment event, however the PWA claim would require this Court to undertake extensive analysis as to the alleged acts of wrongdoing and their illegality. The test to determine whether an action constitutes wrongdoing under the PWA "is objective, not subjective." *Kimes*, 126 F. Supp. 3d at 505 ("[I]t does not matter whether the plaintiff holds a belief, even if well-founded, that the conduct constitutes wrongdoing. What is required under that statute is that the plaintiff prove there was an actual 'violation' of the laws, regulations, ordinance, or code of conduct or ethics which is not of a merely technical or minimal nature." (internal quotation marks omitted)). This Court would be required to litigate the propriety of each of the alleged violations. This substantially predominates over the issues emanating from the federal claims that the Court has original jurisdiction over.

The Court recognizes that the dismissal of Count IV from this case will result in "two parallel proceedings, one in the federal court and one in the state system." *Borough of W. Mifflin*, 45 F.3d at 787. But this result is because there are several issues arising out of the same adverse

employment action. While the remedies sought between the difference claims are similar, the proof and issues raised by the PWA claim substantially predominate over the federal claims, and thus the *Gibbs* factors counsel against this Court retaining jurisdiction over the PWA claim.

The Court also notes, even though it is not explicitly a *Gibbs* factor, that the Commonwealth's courts have an interest in litigating this claim, as it derives from the Commonwealth's statute and involve allegations of financial malfeasance at a Pennsylvania-chartered public school. *See Stackhouse v. St. Joseph Inst. for Addiction*, Civ. No. 4:22-CV-1761, 2023 WL 3205334, at *5 (M.D. Pa. May 2, 2023) ("[Plaintiff] may bring these state law claims in the state court which stand ready to address her concerns. However, prudential principles regarding federalism caution against us retaining jurisdiction over these matters which can, and should, be addressed in state court."). This dispute involves an employee of a Pennsylvania-chartered public school, and the whistleblower claim—at its core—concerns Plaintiff's allegations regarding improper billing processes by Defendants. The Commonwealth has an interest in and the capabilities to adjudicate this PWA dispute in its judiciary.

## IV.    CONCLUSION

For the foregoing reasons, Count IV of Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.  An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge